jerry straw sign actually it's gerald but i haven't missed it in this court's records as jerry the attorney for the appellant in this case i believe that this case belongs in the state court and as i have set out at length in my brief the united states supreme court has stated in plain language how you determine jurisdiction in a removal a jurisdiction to remove in a civil case to the federal court the rivet case r-i-v-e-t is quoted at length in my brief that is one reason why the lower courts had no jurisdiction to decide the rivet case differently from the supreme court in addition the lower courts had no reason no justification for deciding this case uh on the basis of bankruptcy jurisdiction in the bankruptcy court and i have set out that at great length in my brief i'm going to spend most of my time discussing a little bit more the jurisdiction because i don't think the court should ever reach the merits of this case first rivet said in decided by the supreme court rivet said that jurisdiction is governed by rivet and i believe the word governed is very significant as the supreme court once said in a different context when we say something we mean something and we say what we mean and i think that's what the rivet case says it says governed and i believe that that should be the end of the inquiry because rivet says was rivet did rivet have in touch in any respect on bankruptcy and the ability of a bankruptcy court to have jurisdiction and civil matters that arise under or related to a bankruptcy matter rivet rivet was a bankruptcy case to begin with i mean in the in the trial court in the bankruptcy court in rivet the uh order entered was an order uh to sell property free and clear of liens uh when they got to the rivet there was a split in the circuits and and there was a question of state court suit and then the the there was a split in the circuits as to whether the defense that the federal courts had entered in order that is the bankruptcy court had entered in order uh uh whether that could be the basis for jurisdiction of removal and rivet said absolutely not it said it in two ways it had already said governed but it said uh that uh uh you need to have something other than a defense you have to put the federal claim a federal claim and i take it a bankruptcy case is a federal claim no matter what opposing counsel say but you have to have a federal claim stated in the complaint under the well-pled complaint rule and so i think that rivet should really dispose of this case mr strawson what were the mechanics of removal of this from the court in aynsworth nebraska to the federal court how did that happen what's well uh you you filed your state court correct correct okay and then how did it what were the mechanics we filed a complaint in state court uh the appellants in this case were the plaintiffs and the defendants were the uh police uh i think about a week after we filed a complaint uh removal papers purporting to remove the case uh to the nebraska bankruptcy court were filed by the defendants the case actually then laid for a while because well let me back up and say originally the bankruptcy judge entered an opinion sua sponte without notice to parties that said this case belongs in state court he remanded it to state court but then it went to the district court and the district court uh entered an order saying you didn't give notice the federal district court the federal district court the federal district court said you can't enter an order remanding the case without notice to the parties and i don't question that ruling but the case was there in district court for about a year and then it went back to the bankruptcy court the district court also said in its opinion and that's the only issue decided by the district court but it said in its opinion a uh that there may be merit to the opinion that it does not belong in the state court and then the bankruptcy judge i think decided that was a message from a higher judicial authority to reconsider his first ruling in any event it then we had a motion a denial of the motion and it went back what about what about jurisdiction under the related to provision in the bankruptcy statute well i think that the you have to have a conceivable conceivable conceivable right effect on the bankruptcy estate of somebody and isn't what you're asking for something that could conceivably affect the estate of this afy company well i think that it cannot conceivably affect that the prayer in the state court is a suit against by plaintiffs against defendants it is not claiming any share of the estate it is not claiming against anyone but the defendants in that suit and so i don't think that it can affect that estate now maybe somebody i don't think also i might say that the individual estates of robert and corley sears are uh uh subject to any effect when you have you're just collecting from somebody i don't believe that will should constitute an effect of the estate i would like to briefly comment on the 1334 the bankruptcy jurisdiction problem the bankruptcy court uh as i've set out in my brief does not have a rising jurisdiction the bankruptcy court is a district court not the bankruptcy court it does not have a rising jurisdiction but that has the consequence that not only is there no jurisdiction but the bankruptcy court can't go off on its own and enter a final order ignoring the statute ignoring the constitution as interpreted by the united states supreme court and i believe there's a double-barreled lack of jurisdiction in the bankruptcy court to decide the case on the merits i have set out at length in my brief the reasons why the bankruptcy judge is in error the error was the bankruptcy judge held that its prior order was race judicata a race judicata bar against the suit in the state court the race judicata argument was predicated on the fact that it had entered a prior order it could not have been raised judicata as a matter of law because in the lane v peterson case in this circuit the court has held following the restatement of judgments that you cannot have the same claim for purposes of jurisdiction if it's a liability against two different parties that has to be governed by the uh uh rules of uh collateral estoppel or issue preclusion an issue preclusion is not race judicata i would at this time unless the court has more questions uh and i want to repeat this court should never reach the merits of this appeal in my opinion i would at this time then save the rest of my time for rebuttal thank you miss kruger your honors may it please the court my name is kristin krieger and i represent the sears family defendants in this case the appellees your honors this most recent lawsuit is the most recent litigation arising out of and related to the afy bankruptcy which was filed in 2010 it has now lasted 10 years and has included countless appeals to the u.s district court the bankruptcy appellate panel this court and there was also a petition for writ of certiorari to the supreme court at one point in time these particular parties i believe have been before the this the eighth circuit four different times on appeals related to the afy bankruptcy and the bankruptcy of the individual plaintiff corley sears so robert sears's and corley sears's latest effort is this particular lawsuit which they filed in nebraska state court it was timely removed to the bankruptcy court by the sears family defendants and that's because the complaint presents a straightforward collateral attack on multiple final orders that were entered by the bankruptcy court in the afy bankruptcy and which have been all been affirmed on appeal as the bankruptcy court recognized if the plaintiffs were to be successful in this lawsuit it would render everything done the afy bankruptcy meaningless as both the bankruptcy court and the bankruptcy appellate panel found the claims are subject to dismissal for two independent reasons the first is that robert and corley's claims are barred by the shareholder standing rule and the second is that they're barred by preclusion these claims have all been litigated before and they're barred from being litigated again they were shareholders of the corporations that fought it out below is that the idea that's correct robert and corley have represented that they're the sole shareholders of afy since all this began in 2010. a significant amount of the briefing in this case has related to the jurisdiction and authority of the bankruptcy court most of those arguments were not raised before the bankruptcy court to the extent that any of them were but as the bankruptcy appellate panel recognized the bankruptcy court had jurisdiction to enter a final order dismissing the complaint and the bankruptcy court and the bankruptcy appellate panel affirmed that decision in all respects first because i know that mr strassheim raised questions regarding jurisdiction i'll address those first here with respect to bankruptcy court jurisdiction so the sears family defendants removed this case to bankruptcy court under 1334 b the sears family defendants did that because this is a case that is arising in or at the very least related to the bankruptcies of afy corley sears and robert sears corley sears and robert steers are both still individual chapter 11 debtors but first and foremost it was because this is an arising in proceeding that is what the bankruptcy court ultimately found that it had and the bap agreed with that conclusion as well and that's because when you look at you know the question under a rising in jurisdiction is whether these claims somehow could they somehow exist without the afy bankruptcy and they simply cannot these claims don't exist without the afy bankruptcy and by that i mean the claims that are set forth in the complaint that was filed in state court and they don't exist outside the afy bankruptcy the complaint alleges that the sears family defendants engaged in wrongful wrongful conduct in the afy bankruptcy and that that wrongful conduct resulted in final bankruptcy orders that they are essentially and effectively seeking to undo the complaints a collateral attack we believe on four specific orders that were entered in the afy bankruptcy that would be the allowance of the defendants afy proofs of claim the appointment of the chapter 11 trustee the conversion to chapter 7 and the distribution of afy bankruptcy estate proceeds essentially a rising in jurisdiction exists here because the case law is clear that it exists to interpret or enforce a bankruptcy court order even when the claim presented is a quote-unquote state law claim or quote-unquote state law theory of recovery when essentially what you're asking a court to do is interpret or enforce a bankruptcy court order that is itself a court proceeding so if you're asking a court to interpret or enforce a bankruptcy court order that's been entered in a court proceeding that itself results in there being a court proceeding that is what you had asked a question about related to jurisdiction certainly i think at a minimum there's no question that related to jurisdiction exists here and as mr strass i'm noted the test for related to jurisdiction is the conceivable effects test meaning do the claims in this complaint have some sort of conceivable effect on the afy bankruptcy estate the plaintiffs argue that they don't because the afy bankruptcy estate's been closed and they're really just seeking direct monetary damages from the defendants but that's not really what the complaint's asking for what the complaint's asking is that a court find that the defendants should not have been paid these multi-million dollar distributions from the afy bankruptcy estate and that they should have to disgorge those and that they never should have been paid those monies to begin with well if that's what a court finds then the result isn't that the plaintiffs become entitled to that money the result would theoretically be that the defendants would somehow have to pay that money back to the afy bankruptcy estate and so they don't get to somehow bypass the afy bankruptcy estate pursuant to these claims um it would also have to go back through the afy bankruptcy because what they're assuming is that they would have been entitled to the money not some other creditor in the afy bankruptcy but i don't think you can do that without having to reopen the bankruptcy estate under section 350b of the bankruptcy code but moreover is certainly with respect to the related to jurisdiction the case was removed with respect to and in relation to the afy bankruptcy and robert and corley's bankruptcy certainly when robert and corley are asking for damages and of millions and millions of dollars that money because they are chapter 11 debtors would come into their bankruptcy estates and so it of course would have a conceivable effect on their bankruptcy estates that money would then exist for their creditors so the idea that this somehow isn't related to robert and corley as chapter 11 individual debtors as plaintiffs in this lawsuit doesn't hold weight and i know mr strassheim has discussed quite a bit here on the rivet case and the plaintiffs rely on rivet to argue there is no jurisdiction defendants understanding is that the rivet supreme court case it's based on section 1331 so it's a 1331 case it's not a 1334 case and in rivet what the supreme court said was that a prior federal if a lawsuit gets filed in state court and you as a defendant argue and bring up the defense right away this is barred by claim preclusion based on a federal court judgment that argument in and of itself that claim preclusion argument doesn't give rise to an independent federal question under 1331 so that can't be you can't rely on 1331 in that circumstance as your basis for removal to federal court but here the sears family defendants didn't rely on 1331 to remove the case to federal court they strictly relied on 1334 b both arising in and related to so in that regard rivet doesn't have any applicability to this matter the one final note i'll make here with respect to this matter is uh both the bankruptcy court and the bankruptcy appellate panel uh found that the claims are barred by the shareholder standing rule and that holding and that conclusion gives this court an opportunity in and of itself to completely dispose of this case without having to get into any other issues or arguments that may have been made as this court's previously held in a 2013 afy appeal the court can decide jurisdictional questions in any order standing presents a jurisdictional question with no standing rule provides a complete basis to affirm both of the courts below the shareholder standing rule provides that if a harm's been directed toward a corporation so in this case the allegation is afy then only afy itself has standing to assert claims in this instance for robert and corley as shareholders of afy to somehow have standing they must allege in the complaint that they have suffered direct non-derivative injuries in their individual capacities they have not done so all of the allegations in the complaint are allegations of harm that's been inflicted on afy or somehow the afy bankruptcy estate so it goes back to the entire premise of the lawsuit as the bankruptcy court explained is this idea that the bankruptcy court got it wrong when it allowed the sears defendant proofs of claim and found afy liable under the stock sale agreement that gives rise to all of this and so when that's the it's from that incorrect legal argument that's set forth in the complaint that all of the other allegations flow there is no allegation in the complaint of any direct or non-derivative injury to robert or corley i know that they argued in their brief that because they themselves are parties to the stock sale agreement they're somehow able to get around the shareholder standing rule but that's only if you assume that there's somehow some obligation owed to robert or corley that's left under the stock sale agreement and that's not what's alleged in the complaint and that's because it simply doesn't exist robert and corley were parties to this stock sale agreement insofar as they were owed things that were already provided to them years ago corley was a buyer he got stock in exchange for promising to pay the defendant's money the defendants have given him that stock they're now just owed money from him and that's why they filed proofs of claim in corley's bankruptcy but he's not owed anything further similarly the same thing is true of robert robert's a party because he pledged collateral to secure corley's obligation to pay but with respect to both of those your honors they're not owed anything under the stock sale agreement and they don't allege that they're still owed anything under the stock sale agreement in the complaint the claims are barred by the shareholder standing rule because each and every one of them whether it's the breach of contract claim a tortious interference claim unjust enrichment civil conspiracy all of those are barred by the shareholder standing rule and so the shareholder standing rule in and of itself provides this court with a singular basis to dispose of this appeal affirm both of the courts below and have the afy litigation finally hopefully come to an end if the court doesn't have any further questions i will i can sit down i see them thank you miss krieger thank you mr strassheim your rebuttal thank you the eighth circuit did hold in a case the name of which i forget that when you have two jurisdictions two objections to jurisdictions you can choose your jurisdiction but the supreme court held in the people's or the steel company case it was actually judge scalia but in the steel company case they rejected the so-called hypothetical jurisdiction rule where courts were saying it's easier to decide the case on the merits and just assume there's jurisdiction they said you can't do that that's illogical that's not sense but and also that rule in the eighth circuit would depend upon only whether there is clearly jurisdiction now as far as the contracts we are suing on promises made to us not promises made to afy under section 10 of the restatement if the contract involving several people says it does not say differently then it's a kind of promises made to everybody and we put that in our complaint i think it's paragraph 45 and in section 288 of the restatement there's also a presumption that if you don't use words of severance you've made promises to everyone we are not suing on the promises made to afy if those promises may result in a collateral estoppel argument if we actually litigated or if we did certain other things but it is not the same claim it is the same contract now i want to say one other thing the arising in argument ignores the precedent of the eighth circuit in what i call well it's GAF what i call the farm credit case there there was a suit in which the parties claimed just as it's being claimed in this case that there was a rising in jurisdiction arising jurisdiction should be rejected because this court in the appellees is the williams case decided by BAP 10 years earlier than the GAF case i think that the related to argument is something that i think has got to be understood what we said in our complaint there is no law cited that says if we recover from the defendants they have to the money has to go back to the estate of afy there is no law cited that says that we have got to only ask in our complaint for relief which we did not that the money goes back to afy we're saying we want the money from defendants and that's what the complaint says now if there are no further questions my time's up so is there any further questions i see none thank you your honors thank you mr strassen thank you also miss krieger we appreciate both parties argument to the court this morning the briefing which you have provided to us we will take the case under advisement